## HARRY BELLIS v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC.

Argued February, 1902—Decided March 19, 1902.

1. The supplement to the "Act to regulate elections," approved March 29th, 1887 (*Pamph. L.*, *p.* 69), which provides that whenever a charter or municipal election and a general election shall be held on the day fixed for the general election, the clerk and members of the board of election shall be entitled to receive $4 per day for their services, one-half to be paid by the municipality and one-half by the county, was repealed by section 178 of the "Act to regulate elections" [Revision of 1898]. *Pamph. L.*, *p.* 316.

2. The provisions of section 178 of the Revision of 1898, fixing compensation of members of the board of registry and election, have not been repealed or modified by the act of February 28th, 1901, and members of boards of registry and election in cities are entitled to receive from the county collector for services rendered at a general election the compensation provided by section 178 of the General Election law, notwithstanding that, by the act of February 28th, 1901, charter and general elections have been consolidated in that class of municipalities.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the demurrant, *Clarence L. Cole.*

PER CURIAM.

We conclude that the supplement to the "Act to regulate elections," approved March 29th, 1887 (*Pamph. L., p.* 69), and which provides that whenever a charter or municipal election and a general election shall be held on the day fixed for the general election, the clerk of election and each member of the board of election of the municipality shall be entitled to receive .$4 per. day for his services, one-half of which shall be paid by the municipality and one-half by the county, was repealed, by necessary implication, by section 178 of the "Act to regulate elections," as revised April 4th, 1898. *Pamph. L., p.* 316.

We further conclude that the provisions of section 178 of the revision of the "Act to regulate elections," which fix the compensation of members of boards of registry and election for services rendered at charter or municipal elections, and also for services rendered at general elections, have not been modified or altered by the act of February 28th, 1901, commonly known as the "Anti-Spring Election law" (*Pamph. L., p.* 41) ; and that, consequently, members of boards of registry and election in cities are entitled to receive from the county collector, for services rendered at a general election, the compensation provided by section 178 of the General Election law, notwithstanding that, by the act of February 28th, 1901, charter and general elections have been consolidated in that class of municipalities.

The result is that the plaintiff is entitled to judgment on the demurrer.