## Erie, Appellant, *v.* Grant.

*Road law—Paving—Original paving—Repairs.*

In an action to recover a municipal assessment for paving, the case is for the jury where it appears that the ordinance which authorized the paving required an absolute covenant of guaranty upon the part of the contractor for a period of ten years, that the contract contained a covenant on the part of the contractor to keep the pavement in good repair for a period of ten years without further consideration than that mentioned in the bid or proposal, and that the guaranty of durability and the covenant for repairs contained no qualification whatever, so that the contractor might be required to make repairs without regard to the cause which made the same necessary.

Argued May 19, 1902. Appeal, No. 154, April T., 1902, by plaintiff, from order of C. P. Erie Co., Sept. T., 1901, No. 149, refusing to take off nonsuit in case of City of Erie v. A Piece of Land, etc., and Ellen Grant's Heirs, Owners or Reputed Owners, etc. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Scire facias sur municipal lien for paving. Before WAL-LING, P. J.

At the close of the plaintiff's evidence the trial judge granted a compulsory nonsuit, for the reason that the assessment for the cost of the paving of Third street was based upon a contract, in which the contractors covenanted to keep the pavement in good repair for a period of ten years from the completion thereof, and on the theory that this added to the amount of the original cost of the pavement, the cost of keeping the same in repair, which imposed upon the property a burden not properly chargeable to him, but which the city was bound to pay from general taxation.

*Error assigned* was refusal to take off nonsuit.

*Charles P. Hewes* and *Wm. G. Crosby*, city solicitor, for appellant.

*Frank Gunnison*, for appellees.

OPINION BY W. D. PORTER, November 19, 1902:

The questions presented by this record are practically the same which have been considered in the case of City of Williamsport v. Hughes, ante, p. 443, and we do not regard it as necessary to supplement what we there said. There was a jury trial in the present case, and the court below entered a judgment of nonsuit, which it subsequently refused to take off; and from that order we have this appeal. The ordinance which authorized the improvement out of which this lien arose required an absolute covenant of guaranty, upon the part of the contractor, for the period of ten years. The contract contained a covenant upon the part of the contractor to keep the pavement in good repair for the period of ten years without any further consideration than that mentioned in the bid or proposal. The guaranty of durability and the covenant for repairs contained no qualification whatever, and the contractor might be required to make repairs without regard to the cause which made the same necessary. The defendant may have little difficulty in convincing a jury that the nominal contract price of this pavement embraced compensation for more than a skilfully executed construction of the original improvement, and that the lien filed by the city is excessive; but we are of opinion that to a jury he must go.

The judgment is reversed and a venire facias de novo awarded.