FRANK E. BENNETT v. THE CITY OF ORANGE.

. . Argued November 5, 1902—Decided February 24, 1903.

1. The passage of the act to consolidate the local or charter elections with the general election in the cities of this state, known as the Meeker act (*Pamph. L.* 1901, *p.* 41), does not operate to alter or abolish the compensation allowed by statute to the election officers for duties connected with the local or charter elections.

2. The compensation of a public officer belongs to him, not by force of any contract, but because the law attaches it to the office, and it is not affected by a diminution of the duties of the office—the office itself remaining.

On appeal from the Orange District Court.

Before Justices Dixon and Hendrickson.

For the defendant, *Thomas A. Davis.*

For the plaintiff, *William A. Lord.*

The opinion of the court was delivered by

Hendrickson, J.   The plaintiff was an election officer of the city of Orange, and he brought suit in the Orange District Court, in his own behalf and as assignee of the claims of other election officers in that city, to recover the compensation claimed to be due them for services rendered at the election for city and county officers on November 5th, 1901.   The claim of each of the officers referred to was for services at such election, as follows:   One day's registry, $3; election day, $7, aggregating, in all, the sum of $240, for which judgment was given, besides costs.   From this judgment the city has appealed to the court.   It is agreed upon both sides that the only question at issue is whether, since the consolidation of the municipal or charter elections in cities with the general or state election, under the act approved February 28th, 1901, known as the Meeker act (*Pamph. L., p.* 41), the officers can

collect fees for services rendered in this dual capacity for both elections. These officers had already received from the county collector of Essex county $25 each for services rendered as members of the board of election and registry for their respective election districts. The contention is that this payment is in full for all their services connected with that election, and that they are not entitled to what the appellant terms double compensation, and that the judgment should be reversed. We find, however, that the Meeker act does not touch the question of compensation, but that a supplement to the General Election law of 1898, approved March 22d, 1901, regulates that subject-matter. *Pamph. L., p.* 258. After fixing the compensation of members of the boards in cities having a population exceeding thirty thousand, the supplement enacts that in all other cities, &c., the compensation of each member for all such services in connection with any local or charter election shall be, for each registry day, $3, and for the election day, including the counting of the votes and the delivery of the returns and the ballot-box, $7, and for all such services in connection with the general election or any special election held in and for the whole county. "such compensation shall be  *  *  *  twenty-five dollars in districts where the number of registered voters is more than three hundred." The city of Orange is within this class. We think that the words of this supplement clearly give to the election officers the compensation provided for their services in connection with each election. This view is strengthened by the fact that this supplement was passed after the enactment of the Meeker act. It must be observed, also, that the city election is still held, only the time of holding it is changed, by the Meeker act, to the time of holding the general election. It is further urged that they should not be paid the compensation for services in holding the city election because there is no additional service performed by them in connection therewith, except in the counting and canvassing of the votes. But it must be remembered that the officer's right to compensation does not grow out of a contract between him and the municipality by which it is payable. The com-

pensation belongs to him, not by force of any contract, but because the law attaches it to the office. *Thr. Pub. Officers* 443; *Hoboken* v. *Gear,* 3 *Dutcher* 265. And where a salary thus attaches to an office the right to it is not affected by a diminution of the duties of the office—the office itself remaining. *Marquis* v. *City of Santa Ana,* 103 *Cal.* 661. It is further urged that the payment by the county collector is a satisfaction for all services performed at the election, and that the act so declared. But the words here referred to plainly apply only to the sum certain fixed by the statute for services at the general election, and not to the compensation allowed in connection with the charter election.

The result we have reached is in accord with the views expressed by this court in *Bellis* v. *Freeholders of Atlantic,* 38 *Vroom* 528. The point, however, was not directly involved in that case.

The judgment below is affirmed, with costs.