J. MADISON DRAKE, Jr., v. THE CITY OF ELIZABETH AND THE TIMES PUBLISHING COMPANY.

Submitted December 10, 1902—Decided February 24, 1903.

A determination by city council in a specific case, based upon the finding of that body in a matter in which a discretionary judgment was reposed in it, is so far judicial in character as to be voidable if any one of the *quasi* judges who participated was at the time disqualified by private interests at variance with the impartial performance of his public duty.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *John F. Brown.*

For the city of Elizabeth, *C. Addison Swift.*

For the Times Publishing Company, *James C. Connolly.*

The opinion of the court was delivered by

GARRISON, J. This *certiorari* brings up a resolution of the city council of the city of Elizabeth, by which a contract for city printing was awarded to the Times Publishing Company. The resolution in question was made pursuant to an advertisement for bids, of which the following is a copy:

"PROPOSALS FOR. PRINTING.

"CITY HALL, ELIZABETH, N. J.,
"May 24th, 1902.

"The city council at its last meeting directed the committee on printing to advertise for bids from the various newspapers in this city for the printing of the minutes, official notices, ordinances, advertising and other proceedings relating to municipal affairs for the term of one year, the same to be awarded to the lowest bidder, which newspaper shall be designated the official newspaper of the city of Elizabeth. Sealed proposals for the above must be presented at the next meeting of the city council, to be held on June 2d, 1902, at 8:30 o'clock P. M.

"DANIEL P. MCGOVERN,
"B. J. HIGGINS,
"*Committee on Printing.*"

By the resolution under review the proposed contract was awarded to the defendant publishing company. A determination of this nature, confined to a specific case and based

upon the finding of a body in which a discretionary judgment is reposed, is so far judicial in character as to be voidable if any one of such *quasi* judges who participated was at the time disqualified by reason of private interests at variance with the impartial performance of his public duty. *Traction Co. v. Board of Works, 27 Vroom* 431.

In the case cited the vote of the disqualified member was not necessary to the result; but Mr. Justice Reed, in his opinion, said: "The fact that there were a sufficient number of votes apart from his vote to pass the ordinance is no answer to the objection taken upon the point. The infection of the concurrence of the interested person spreads so that the action of the whole body is voidable."

This salutary doctrine, reinforced by the charter of the city of Elizabeth, which makes it unlawful for any member of city council to be directly or indirectly interested in any contract with the city, renders it unnecessary to inquire, in the present case, whether the number of councilmen disqualified by holding stock in the Times Publishing Company was one or more, or whether the required vote was three-fourths or a bare majority, or whether councilmen who had transferred their stock to their wives were thereby exculpated from having any indirect interest in the private corporation with which, in competition with others, they were called upon to act. It is established that at least one councilman, who had not transferred his stock, participated in the transaction throughout. That "infection," to adopt the language of the opinion above cited, is a sufficient ground for voiding the action of the entire body.

The resolution awarding the contract in question is set aside, with costs.