## Erie City *v.* Grant, Appellant.

*Road law—Paving contract—Repairs.*

A provision in a paving contract between a city and a contractor requiring the contractor to keep the pavement in repair for a period of ten years, does not render the contract absolutely void.

*Road law—Paving contract—Ordinance—Petition by property owners —Act of May 23, 1889, P. L. 277.*

Where an ordinance authorizing the paving of a street has been advertised and passed in the manner directed by the Act of May 23, 1889,

art. 15, sec. 26, P. L. 277, it is not material, at the trial of the scire
facias upon the lien, to inquire whether the petition had been signed by a
majority of persons owning property upon the street.

*Road law—Petition for ordinance for paving street—Signature of member of council—Act of May 23, 1889, art. 4, sec. 10, P. L. 277.*

An ordinance providing for the paving of a street is not invalid because it was passed by the casting vote of a member of the city councils who had signed the petition for the pavement of the street.

*Appeals—Assignments of error—Municipality.*

An assignment of error which raises two distinct questions is irregular and may be disregarded.

Argued May 20, 1903. Appeal, No. 120, April T., 1903, by
defendants, from judgment of C. P. Erie Co., Sept. T., 1901,
No. 149, on verdict for plaintiff in case of Erie v. Ellen Grant
et al. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias for municipal claim. Before WALLING, P. J.

Defendant presented these points :

1. That the contract under which this work was done is absolutely null and void, and that therefore the plaintiff is not entitled to recover, and the verdict of the jury must be for the defendant. *Answer :* Refused. [2]

2. That the evidence showing that the property owners were not given sixty days in which to agree upon the kind of pavement to be laid as provided by article 5, section 3 of clause 10 of the act of assembly of May 23, 1889, and that the petition upon which the ordinance for the improvement in question was enacted was signed by less than a majority of the property owners whose property fronted upon said improvement, and who owned less than a majority of the frontage abutting said improvement, and that therefore the said ordinance is void, and the verdict must be for the defendant. *Answer :* Refused. [3]

3. That the ordinance in question is void because it was enacted in the select council by the affirmative vote of William S. Gintz, a member of said council from the first ward, who had signed the petition for said pavement, and who was therefore disqualified from voting thereupon. *Answer :* Refused. [4]

4. That under all the evidence in this case the verdict must be for the defendants.  *Answer :* Refused. [5]

· Verdict and judgment for plaintiff for $162.06.   Defendant appealed.

*Errors assigned* were (2–5) above instructions, quoting them.

*Frank Gunnison,* for appellant.—The ordinance was void because passed by the aid of the vote of Gintz in the select council : Trainer v. Wolfe, 140 Pa. 279 ; Marshall v. Boro. of Ellwood City, 189 Pa. 348.

*Charles P. Hewes,* for appellee.—The ordinance was not void because passed by the aid of the vote of W. S. Gintz in the select council : Gallagher v. Neal, 3 P. & W. 183 ; Warner v. Commonwealth, 1 Pa. 154 ; Bucher v. Commonwealth, 103 Pa. 528 ; Trainer v. Wolfe, 140 Pa. 279 ; Marshall v. Ellwood City Boro., 189 Pa. 348.

We contend that the " interest" that would disqualify and such as is contemplated by the act of assembly, must be a " pecuniary interest."   There must be the element of profit to the councilman as well as of expense or detriment to the city : Commonwealth v. Hancock, 2 W. N. C. 557 ; Dunlap v. City, 13 W. N. C. 98.

OPINION BY W. D. PORTER, J., January 21, 1904 :

The question raised by the first specification of error had been considered and determined adversely to the contention of the appellant in the case of Williamsport v. Hughes, 21 Pa. Superior Ct. 443, and upon the former opinion in this case reported in 21 Pa. Superior Ct. 461.   The provision requiring the contractor to keep the pavement in repair did not render the contract absolutely void.

The second specification raises two distinct questions, and might for that reason be disregarded, but neither ground of complaint is well founded.   The property owners had already agreed upon the kind of pavement to be laid, which fact was set forth in the petition presented to councils, and it was not necessary for the municipal authorities to wait sixty days to find out whether the petitioners might change their minds.

The ordinance authorizing the improvement having been advertised, and passed in the manner directed by the Act of May 23, 1889, article XV, section 26, P. L. 277, it was not material, at the trial of the scire facias upon the lien to inquire whether the petition had been signed by a majority of persons owning property upon the street: Scranton v. Jermyn, 156 Pa. 107.

The appellant contends that the ordinance authorizing the improvement was void " because it was enacted by the select council by the affirmative vote of Wm. S. Gintz, a member of said council from first ward, who had signed the petition for the pavement and who was, therefore, disqualified from voting thereupon." It appears in evidence that Gintz had signed the petition, and that the ordinance would have failed of passage in the select council had not his vote been counted in its favor. The contention of the appellant is founded upon the provision of section 10, article IV, of the Act of May 23, 1889, P. L. 277 : " A member who has a personal or private interest in any measure or bill proposed or pending before councils shall disclose the fact to the branch of which he is a member, and shall not vote thereon, nor take any part in the discussion of the same. If such interested member shall vote without disclosing his interest in such measure or bill, and the same be carried by his vote, he shall forfeit his office, and such measure or bill shall be void." The specification of error which raises this question is based upon the refusal of the court to affirm the third point submitted by the defendant, which alleged as the only grounds for the disqualification of this member, that he had signed the petition to the councils. The mere fact that a member of councils had from sentimental or patriotic reasons signed a petition would not disqualify him from voting upon an ordinance in the passage of which he had no personal or private interest. If we are to assume that the fact that he signed the petition to councils, as stated in the point, necessarily implied that Gintz was an owner of property fronting upon the street, the interest which Gintz had was disclosed to the councils by the very terms of the petition, and the provision of the statute, which without such disclosure might render the ordinance void, would not apply. .

The interest which disqualifies a member of councils to vote

is a personal or private one, not such an interest as he has in common with all other citizens or owners of property, nor such as arises out of the power of the municipality to tax his property in any lawful manner.    Were it to be held that the mere ownership of property upon which an ordinance would impose a tax disqualified a member of the councils from voting upon that ordinance, then no member who was an owner of land within the city limits could vote upon an ordinance imposing a general tax levy, nor upon any measure through which the city incurred any liability which must be discharged by a tax upon real estate.    The assessment of benefits resulting from the paving of a street, according to the foot-front rule, is but one form of taxation; it applies to property of a particular class.    Whether the assessment for the cost of improvements of this character be made upon the foot-front rule, or upon the basis of peculiar benefit to the property, without exclusive regard to its frontage, the charge imposed is an exercise of the taxing power. We can see no reason for holding that the owner of property liable to such a tax is disqualified from voting upon an ordinance authorizing the imposition, which would not be equally sound when applied to the owner of property subject to be taxed in any other manner.    The statutes provide the manner in which property peculiarly benefited by public improvements shall be specially assessed and regulate the mode in which the proportion of the cost of such improvement to be paid by such property shall be determined.    We are of opinion that a member of councils cannot be said to have a personal or private interest, within the meaning of the statute, in an ordinance ,which merely imposes a tax upon his property, in common with all other properties of the same class, in the manner authorized by law.

  The judgment is affirmed.