22 N.J. Super. 106 (1952)
91 A.2d 667
ROBERT PIGGOTT, ELIZABETH PIGGOTT, SAMUEL E. COPNER, HELEN COPNER, HARRY G. HALL, JEANETTE HALL, ERNEST H. ADLER AND ELIZABETH ADLER, PLAINTIFFS,
v.
BOROUGH OF HOPEWELL, A MUNICIPAL CORPORATION IN THE COUNTY OF MERCER, STATE OF NEW JERSEY, THE ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF HOPEWELL, COUNTY OF MERCER, STATE OF NEW JERSEY AND ALLEN B. COX, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 8, 1952.
*107 Mr. John A. Waldron and Mr. John Palaschak, Jr., attorneys for the plaintiffs.
Mr. David L. Smith, attorney for the defendants.
*108 WOODS, J.S.C.
On November 10, 1949, the Borough Council of the Borough of Hopewell adopted a zoning ordinance which placed the lands presently owned by the defendant, Allen B. Cox and the adjoining lands of the plaintiffs within the bounds of the R-3 Residence District. At the time the ordinance was adopted, there was erected on the lands of Cox a building containing five garages used for the storage of school busses, a private automobile repair shop and a one pump service for the sale of gasoline.
The premises were purchased by the defendant Cox in May of 1951. On July 26, 1951 he applied to the Zoning Administrative Officer of the Borough of Hopewell for a permit in which he stated: "Application is hereby made to change use of No. 17-19 Model Ave., Lot No. 42, Block No. 28, Zone R-3 * * * to be used as a grocery store * * * by the addition of 4 windows at an estimated cost of $2,000.00," which application was accompanied by a letter dated July 25, 1951 which reads:
 "Planning Commission,
 Borough of Hopewell,
Dear Sirs:
I propose with your permission, to convert each of the remaining garages (4) to retail stores; i.e., two, to be immediately occupied by a grocer, who will in all probability need a third within a year. The architectural pattern to follow the present store window illustrated in the accompanying photograph, inspired by the architectural dignity of Palmer Square in Princeton. All signs and advertising are to be restricted to the proprietors name and identity of his business."
From the photograph it appears that one garage has already been converted into a store. There is no stipulation, allegation or testimony as to when the first garage was changed or altered into a jewelry store as shown on the photograph.
The administrative officer refused the permit and disapproved the application by reason of article 8, section 802 of the Zoning Ordinance.
The defendant Cox then made application to the Zoning Board of Adjustment of Hopewell Borough of August 17, *109 1951 for a change of use of his property at 17-19 Model Avenue by altering four garage stalls to stores by the installation of store windows and change of partitions. Objections were entered by the plaintiffs in this cause, but the application was granted. However, no further action was taken until the meeting of the board of adjustment on August 27, 1951, when the application granted at the previous meeting was rescinded and there was further discussion and testimony presented. As a result of this meeting a resolution was adopted recommending to the Borough Council of the Borough of Hopewell that the application be granted and the permit be issued.
Pursuant to notices served upon the interested parties, a special meeting of the Mayor and Council of the Borough of Hopewell was held on September 24, 1951 for the purpose of hearing the appeal in the matter of the recommendation of the board of adjustment concerning a nonconforming change of use to the property of Allen B. Cox located at 17-19 Model Avenue. The parties were represented by counsel and testimony was presented, including that of George C. Clark, a member of the borough council and the defendant Cox's predecessor in line of title. As a result of this special meeting, the borough council adopted a resolution which provided that the recommendation of the board of adjustment in this matter be accepted and authorized the zoning administrative officer to forthwith issue the permit in accordance with the recommendations.
It is the plaintiffs' contention that the zoning board of adjustment and the borough council had before it no evidences furnishing any legal basis for its action and the action of both bodies was contrary to the terms of the existing ordinance, without jurisdiction, illegal and exceeded the powers vested in them. In the memorandum filed in behalf of the plaintiffs and in the oral argument of their counsel, they raise three points:
1. The granting of the variance by the borough council violated the provisions of section 802, paragraph 3 of the *110 zoning ordinance because the proposed change in the non-conforming use involved a structure alteration.
2. The action of George C. Clark, a member of the borough council, in testifying before the said council on behalf of the applicant for the building permit, and participating in the deliberations of the said council and voting in favor of the applicant, rendered the entire proceeding voidable.
3. The action of the borough council in approving the recommendation of the zoning board of adjustment and directing the issuance of the building permit was an abuse of discretion on the part of the council.
We primarily shall consider the second point raised by counsel for the plaintiffs. The defendant Cox had purchased the property 17-19 Model Avenue from George C. Clark about a year and a half prior to his application for a variance, and his testimony (Clark's) was presented to show that he had protested to the planning board before the adoption of the zoning ordinance when the premises in question were placed in a Residence R-3 district, and that although his request to have the same classified in a commercial or industrial district was refused, he had been assured that he would be permitted to conduct any kind of commercial enterprise on the premises under the Zoning Act.
The question is: Was the private interest of the member of the borough council such that he could not impartially consider the application for a variance? "A member of a governmental body having a direct personal interest in a matter coming before such body is disqualified from voting thereon, at least where the body acts in a judicial or quasi-judicial capacity." 133 A.L.R. 1258; Illinois Power & Light Corp. v. Peterson, 322 Ill. 342, 153 N.E. 577, 49 A.L.R. 705; State, Winans, Pros. v. Crane, 36 N.J.L. 394 (Sup. Ct. 1873); State ex rel. West Jersey Traction Co. v. Board of Public Work of City of Camden, 56 N.J.L. 431, 29 A. 163 (Sup. Ct. 1894); Bennett v. City of Orange, 69 N.J.L. 176, 54 A. 249 (Sup. Ct. 1903); Stevens v. Haussermann, 172 A. 741 (Sup. Ct. 1934); Pyatt v. Mayor and *111 Council of Dunellen, 9 N.J. 548 (1952). And certainly in granting a variance the borough council was acting in a judicial capacity.
"A judicial act is one which imposes burdens or confers privileges in specific cases, according to the finding of some person or body, whether the facts exist which make a general rule applicable to the specific case, or according to the discretionary judgment of such person or board as to the propriety of imposing the burden or granting the privilege in a specified case." West Jersey Traction Company v. Board of Public Works of City of Camden, supra; Camden Horse Railroad Co. v. West Jersey Traction Co., 57 N.J.L. 710, 34 A. 1134.
The interest which disqualifies a member of council to vote is a personal or private one, not such an interest as he has in common with all other citizens or owners of property, nor such as arises out of the power of the municipality to tax his property in any lawful manner. Erie City v. Grant, 24 Pa. Super. Ct. 109 (Super. Ct. 1904); 133 A.L.R. 1261.
Although at first blush it would appear from the facts and the evidence before us that Councilman George C. Clark had no present direct or immediate interest, we find in reading a copy of the transcript of the testimony presented at the public hearing before the Borough Council of the Borough of Hopewell the following statements on cross examination of the defendant Cox:
"Q. Do you intend to have other stores there, you are going to have more than one?
A. It is my hope to have three different types of business there. My own, a grocer and some other type of business eventually but Mr. Clark will utilize the place as a garage for perhaps three more years because we have an agreement. He may use it to store his busses until that time."
We cannot overlook the fact that he does have a present, direct, immediate and particular interest as lessee in the property which is the subject of the non-conforming use and we are of the belief that he should have disqualified himself. It is against public policy for a representative of *112 a municipality to vote in its legislative body on any matter which affects him individually.
It is to be noted, too, that despite the solicitor's recommendation made at the council meeting that action be deferred to a later period and that his suggestion was acquiesced in on motion of Dilts and Drake, Clark's counter-proposal paved the way for action forthwith. Dilts and Drake withdrew their motions. A recess followed, after which the resolution favorable to Mr. Cox was carried.
In New Jersey it is a firmly established rule that it is immaterial that the result reached is not produced by the vote of the disqualified member. In the case of Drake v. Elizabeth, 69 N.J.L. 190, 54 A. 248, 249 (Sup. Ct. 1903), it was held:
"A determination of this nature, confined to a specific case, and based upon the finding of a body in which a discretionary judgment is reposed, is so far judicial in character as to be voidable if any one of such quasi judges who participated was at the time disqualified by reason of private interests at variance with the impartial performance of his public duty."
"It is a corollary of the foregoing that the concurrence of an interested member in the action taken by the body taints it with illegality." Stevens v. Haussermann, supra. "The infection of the concurrence of the interested person spreads, so that the action of the whole body is voidable." West Jersey Traction Company v. Board of Public Works of City of Camden, supra, State (Winans) v. Crane, Collector of Cranford Township, supra. "This is the general rule. * * * It is supported by a twofold reason, viz.: First, the participation of the disqualified member in the discussion may have influenced the opinion of the other members; and, secondly, such participation may cast suspicion on the impartiality of the decision. Reg. v. Justices, 6 Q.B. 753, 51 E.C.L. 753; Oakley v. Aspinwall, 3 N.Y. [547] 552 (Ct. App. 1850). It being impossible to determine whether the virus of self-interest affected the result, it must needs be assumed that it *113 dominated the body's deliberations, and that the judgment was its product." Stevens v. Haussermann, supra.
We must conclude that the action of George C. Clark, a member of the borough council, in participating in the vote and in not disqualifying himself rendered the entire proceeding voidable.
Having reached this conclusion, it is not necessary to consider the other points raised by the plaintiffs.
Judgment will be entered for the plaintiffs.