WILLIAM J. DeMOSS AND CATHERINE E. DeMOSS, PROSE-
CUTORS, v. BOROUGH OF WATCHUNG, A MUNICIPAL
CORPORATION OF THE STATE OF NEW JERSEY AND
BOARD OF ADJUSTMENT OF THE BOROUGH OF
WATCHUNG, A STATUTORY BODY, DEFENDANTS.

Submitted May 4, 1948—Decided August 25, 1948.

Before Justices BODINE and JACOBS.

For the prosecutors, *George F. Feaster.*

For the defendants, *Henry W. Clement.*

The opinion of the court was delivered by

BODINE, J.   The writ in this case brings up for review
the failure of the Board of Adjustment of the Borough of
Watchung to grant a variance in a district known as the rural
district.   This district is the highest type of residential classi-
fication.   The area requirements are 60,000 square feet to-
gether with side and rear yards and height requirements not
necessary for us to consider at this time.   The lot in question
is a little more than two-thirds of the required area.

The hardship shown was that the lot may not be used for
residence purposes in its present size.   The borough's ordi-
nance, adopted on August 14th, 1941, provided that no dwell-
ing should be erected on a lot of less than 60,000 square feet,

except that a lot "of record" as of the date of the ordinance shall be regarded as of legal size if having an area of not less than 20,000 square feet. The prosecutor's lot contains 43,691 square feet. It was conveyed by the Paulang Company to Hornbeck by deed on August 2d, 1941, but apparently the deed was inadvertently not recorded until September, 1941. The lot was purchased by the DeMosses in 1946 and they desired to sell it to one Block and applied for an exception to permit the erection of a dwelling by the prospective purchaser notwithstanding the 60,000 square foot restriction.

Under the peculiar circumstances presented the case is one of hardship requiring the granting of the exception. If the exception is not granted, then no building can be erected on the lot, and it will not be usable at all except possibly for farming. It is not large enough for this. The ordinance expressly permitted the erection of dwellings on lots of 20,000 feet or more which were "of record" on August 14th, 1941; the DeMosses' lot was in existence on August 14th, 1941, and it is important that notwithstanding its substantial size that it not be dedicated to remain "a lot" in perpetuity because the deed was not recorded until after August 14th. This act must have been a mere clerical oversight.

The decision of the Board of Adjustment, rendered December 15th, 1947, denying the application of the prosecutors to erect a dwelling upon the property in question is reversed, with costs.