14 N.J. Super. 188 (1951)
81 A.2d 517
ELWYN J. RODEE, PLAINTIFF,
v.
EDMUND LEE, BUILDING INSPECTOR OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS, A MUNICIPAL CORPORATION, AND THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF PARSIPPANY-TROY HILLS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 5, 1951.
*190 Mr. Abraham M. Herman, attorney for plaintiff.
Mr. John H. Grossman, attorney for defendants.
COLIE, J.S.C.
This action commenced as a procedure in lieu of prerogative writ to compel Edmund Lee, building inspector of the Township of Parsippany-Troy Hills, to issue building permits to the plaintiff, owner of property in the township. A motion for summary judgment for the plaintiff was denied without prejudice to the plaintiff taking an appeal to the board of adjustment of the Township of Parsippany-Troy Hills. An appeal was taken and was denied on the ground that the lot sizes did not comply with the provisions of the zoning ordinance and that no exceptional hardship was shown. When plaintiff filed his applications for building permits with the building inspector, the zoning ordinance permitted building upon 50-foot lots. Subsequent to the applications for building permits and prior to the decision of the board of adjustment, the zoning ordinance was amended to provide for a minimum frontage of 100 feet.
The case was pretried and the issues narrowed down to three. The first question is whether or not the zoning *191 ordinance, as it existed on September 5, 1950, when the applications for the permits were filed, or whether the zoning ordinance as subsequently amended, is controlling. The law as it exists at the time of the decision in the instant proceeding is controlling. Concord Garden Apartments v. Board of Adjustment, 1 N.J. Super. 301 (App. Div. 1949).
The second legal question is whether or not the approval of the township committee of the subdivision map is an approval of the lot layouts as shown on that map or approval only as to street layouts. Assuming that the plaintiff by the filing of the map in the appropriate office in Morris County after approval thereof by the township committee vested the rights in him as to the lot sizes thereon shown, nevertheless the fact remains that such rights, if any, are held by him subordinate to a valid use of the police power. Collins v. Board of Adjustment, 3 N.J. 200 (1949).
The remaining question is whether or not the refusal of the board of adjustment to grant a variance from the terms of the zoning ordinance as amended created unnecessary hardship which would warrant relief from the strict enforcement of the zoning ordinance.
The building applications cover 11 lots, two of which are isolated lots, each having a frontage of 51.66 feet. Four of the lots are contiguous and have a combined frontage of 206.64 feet. The other five are also contiguous and have a combined frontage of 258.30 feet. As to the four lots having 206.64 feet frontage, the owner can, if he sees fit to do so, divide that property so as to get two building lots, each of which will have the minimum frontage required by the amendment of the zoning ordinance and the same holds true of the five lots having a combined frontage of 258.30 feet. Nine of the lots involved can be utilized even though it may be less profitable to the owner to build four houses on the combined frontages than to have built nine, which he could have done had the zoning ordinance not been amended. The testimony before the board of adjustment falls far short of establishing a case of hardship which would warrant relief *192 to the plaintiff as to all of the lots. There was no evidence as to the financial loss which would result to the owner from subdividing the five-lot tract and the four-lot tract to conform to the amended zoning ordinance. As to these nine lots, the action of the board of adjustment is affirmed.
As to the isolated lots having a frontage of 51.66 feet, the situation is different. They are in a residential zone and if they are not used for that purpose, their value is destroyed. To render these two lots incapable of use for any purpose is an exceptional hardship. It is suggested that because there are other isolated lots having the same frontage, the hardship is not peculiar to plaintiff and that it being a general condition, relief should not be granted. This contention, in my judgment, has no appeal to reason. It is small solace to the plaintiff that others may be in the same predicament in which he finds himself. He is entitled to relief and judgment will be entered reversing the denial of a variance so far as lots 4 and 6 in Block A-35 are concerned.
The board of adjustment saw fit to view the property but the minutes of the meeting do not disclose what that inspection disclosed. An inspection may not legally be made a basis for a determination in the absence of a full disclosure on the records of facts relied upon by the board's findings resulting from the inspection. Giordano v. City Commission of Newark, 2 N.J. 585 (1949).