39 N.J. Super. 452 (1956)
121 A.2d 405
JOSEPH CUMMINS AND BALTIMORE HOLDING COMPANY, A NEW JERSEY CORPORATION, PLAINTIFFS-RESPONDENTS,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF LEONIA, COUNTY OF BERGEN AND STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1956.
Decided March 15, 1956.
*454 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. James A. Major argued the cause for appellant (Messrs. Westervelt and Leslie, attorneys).
Mr. Herbert L. Smith argued the cause for respondents.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This appeal presents a further development of plaintiffs' attempt to obtain permission to use their vacant lot on the south side of Hillside Avenue, Leonia, located in a one-family residence zone, as a driveway and parking lot for business purposes. The zoning officer initially refused such permission; there was an appeal to the local zoning board for a variance under N.J.S.A. 40:55-39(c) (undue hardship), or for a recommendation of a variance to the governing body under N.J.S.A. 40:55-39(d) (particular cases and special reasons); and the board, after a full hearing, by formal resolution denied the application. Plaintiffs then sought review in the Law Division where Judge Leyden found the zoning ordinance reasonable and accordingly constitutional, and held the zoning board's refusal of a variance proper because plaintiffs had failed to establish undue hardship under N.J.S.A. 40:55-39(c). However, he found *455 the board's refusal to recommend a variance to the governing body was arbitrary, capricious and unreasonable, and ordered it to reconsider and decide the matter on the merits, in accordance with law.
On June 22, 1955 plaintiffs appealed from that portion of the Law Division judgment which declared the ordinance valid. We decided the appeal November 30, 1955, affirming the judgment below in this respect. However, plaintiffs did not await the outcome of that appeal; they promptly went back to the local zoning board for a rehearing pursuant to the direction in the judgment entered by Judge Leyden. The board conducted a hearing on June 7, 1955 and on June 29 reaffirmed its previous denial of a recommendation of a variance, setting forth its reasons in a comprehensive resolution. Plaintiffs then filed a new complaint in lieu of prerogative writ in the Law Division questioning the last action by the board. After defendants had answered, plaintiffs moved for summary judgment, relying upon the pleadings and the stenographic transcripts of both hearings before the zoning board, as well as the transcript of the original appeal to this court. They alleged that at the second board hearing there had been no new matter introduced substantially altering the factual situation, and therefore the board's action amounted to an abuse of power and was an arbitrary, capricious and unreasonable act. Judge Waesche, sitting in the Law Division, granted the motion without opinion and without findings, on November 9, 1955, before we decided the former appeal. This appeal ensued.
There is no need to repeat here the facts set out in our former opinion describing the area in question, the residential character of Hillside Avenue west of the 150-foot strip on Broad Avenue zoned for business and apartments, and the predominantly residential character of Leonia. In affirming the conclusion reached by the Law Division in its prior judgment that the zoning ordinance as applied to the premises in question was valid, we held that the ordinance was reasonably designed to further the advancement of the community as a social, economic and political entity, and was in the general *456 welfare; and that the ordinance was passed in accordance with a comprehensive plan, justifying the borough's desire to increase and enhance its one-family residence zone in the interest of the community welfare and within the requirements of the statute, R.S. 40:55-32.
A number of collateral questions have been raised on this appeal, but our main concern will be with the merits, namely, whether or not the zoning board's refusal to recommend a variance was so completely devoid of justification as to warrant its reversal by the Law Division. Both parties stated at the oral argument that they preferred to have the matter so decided. However, we cannot forego comment on at least three of the subsidiary issues raised.
Defendants claim that it was error for Judge Waesche to grant a summary judgment. We do not have his reasons for doing so; it would appear that he acted upon what Judge Leyden had said in the previous proceedings in lieu of prerogative writs. Defendants' argument is that a summary judgment is improper in a proceeding in lieu of prerogative writ; it falls within neither the letter nor the spirit of our rules. The attempt here is to raise a distinction based on form rather than substance. The rules do not exclude summary judgment in this kind of action; R.R. 4:58-3 authorizes summary judgment where the pleadings, depositions and admissions on file, together with the affidavits, if any, show palpably that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment as a matter of law. Cf. R.R. 4:88-4 dealing with summary judgments where the complaint demands performance of a ministerial act or duty.
Plaintiffs claim that defendants failed to comply with the provisions of R.R. 1:2-8(a) in that a copy of the notice of appeal was not served upon the trial judge. The purpose served by this requirement seems clear enough; the trial judge is thus notified that his determination is under appeal and he is given an opportunity to set out at length the reasons which led him to his conclusion. However, the failure to serve a copy of the notice of appeal upon Judge Waesche is *457 not jurisdictional, i.e., vital to the life of the appeal. The requirement that the trial judge be served with a copy of the notice of appeal is relatively new; it became part of R.R. 1:2-8(a) on September 7, 1955. We overlook the omission in this case, R.R. 1:27A.
Although not stressing defendants' failure to comply with R.R. 1:2-8(a), plaintiffs, however, place great emphasis upon the binding effect of Judge Leyden's judgment upon Judge Waesche in the second action in lieu of prerogative writs. The claim here is that defendants did not appeal from Judge Leyden's judgment, nothing factually new was adduced at the second zoning board hearing, and accordingly, there was nothing left for Judge Waesche to do but enter the summary judgment which he did, setting aside the action of the zoning board in refusing to recommend a variance, and directing it forthwith to recommend in writing to the governing body that plaintiffs' request for a variance should be granted. Although plaintiffs, at the oral argument, refused to say outright that Judge Leyden's judgment was res judicata, that in effect was the burden of their argument.
We hold that the prior judgment was in no way binding upon Judge Waesche. True, Judge Leyden, in his oral opinion at the close of the first Law Division action, stated that the record of the original hearing before the zoning board contained "ample and plenary proof of special reasons" for it to recommend a variance to the governing body, and that if such variance were recommended and favorably acted upon by the governing body, "it would not in the circumstances substantially impair the intent and purpose of the zone plan or be a substantial detriment to the public good. On the contrary, we think the conclusion is almost inescapable that the contrary is the fact." He further stated he would set aside the action of the zoning board refusing to recommend the requested variance, as unreasonable, arbitrary and capricious in the circumstances, and return the matter to the board for further consideration, "as I feel that the judicial department has not the power to grant or make a recommendation to the mayor and council. I think that is resident in *458 the board of adjustment, under the statute. * * *" Then, in the colloquy which followed his oral opinion, Judge Leyden, referring to the zoning board, said:
"* * * I can't function for them  all I can do is set aside what I conclude to be an abuse of their power, which I have done. I can send it back to them for further consideration. I can't tell them how to decide it, because that is committed by the statute to their judgment. But if they don't give it to you, and you come back again, I can set it aside again, assuming that the factual situation is the same. * * *"
The judgment entered following upon these observations did no more than set aside the refusal of the zoning board to recommend a variance as "arbitrary, unreasonable and capricious," and directed it, as noted, "to reconsider the matter and to decide the same on the merits in accordance with law." That is exactly what the board did. After taking additional testimony adduced by both parties, it adopted the resolution shortly to be mentioned.
There was nothing final or binding about Judge Leyden's oral views or judgment, insofar as the recommendation of a variance is concerned. The field was left wide open to further consideration of the application by the zoning board under N.J.S.A. 40:55-39(d). Plaintiffs claim that no new matter was introduced at the rehearing before the zoning board "substantially altering the factual situation" presented to it at the original hearing. This is certainly true as far as the description of the neighborhood, the community and the existing land uses are concerned. But apart from the re-emphasis given to these factors, there was additional testimony as to traffic conditions, safety factors, and the preservation of the residential character of the affected area. The second record was not identical with the first, and the inferences that may be drawn from the later record are not necessarily solely those stemming from the first. Although plaintiffs brought about the rehearing, and willingly joined in it by offering testimony on their own behalf and cross-examining defendants' witnesses, they would now have us disregard what took place before the zoning board by categorically *459 equating the content of the rehearing to that of the original zoning board hearing. It takes no more than a casual reading of the record before us to disprove plaintiffs' conclusion. The testimony adduced at the rehearing produced new facts which, considered with the earlier record (part of the facts on this appeal, by agreement of counsel), called for a reappraisal by the Law Division of the latest action of the board in rejecting plaintiffs' application for the recommendation of a variance. There could be no blind adherence to the views previously expressed by Judge Leyden who, as will be recalled, would have set aside the board's refusal of a recommendation only if the factual situation were the same.
We do not pass upon defendants' contention that the Law Division was without jurisdiction to entertain the action to review the board's refusal to grant a recommendation for a variance, because this court had not yet decided the first appeal attacking the constitutionality of the ordinance. Our decision on the merits makes it unnecessary for us to deal with this point. However, the more orderly course of procedure would have been for plaintiffs to have awaited our decision on the first appeal before going back to the zoning board for a new hearing under N.J.S.A. 40:55-39(d), as directed by Judge Leyden's judgment.
We deal here with premises located immediately adjacent to the boundary separating Leonia's extensive one-family residence zone from the business zone strip located along several blocks of Broad Avenue, as described in our earlier opinion. The substantial issue before us is whether plaintiffs have affirmatively established, as they must, that the refusal of the board to recommend a variance to the governing body was arbitrary, capricious or unreasonable. The making or refusing of such a recommendation constitutes an exercise of the discretionary administrative function entrusted to the experienced judgment of the local zoning board by the Zoning Act, N.J.S.A. 40:55-39. As was said in Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405, 423 (1952), the rationale of the statutory scheme is that *460 the zoning board shall supply the expert discretion necessary to the matters coming within its cognizance. Its action is presumed to be correct; judicial interference is permissible only for relief against arbitrary, capricious or unreasonable action that constitutes a clear abuse of the delegated discretion. Rexon v. Board of Adjustment of Borough of Haddonfield, 10 N.J. 1, 7 (1952); Ward v. Scott, 16 N.J. 16, 23 (1955). On a judicial review this court does not substitute its independent judgment for that of the zoning board entrusted by the Legislature with the administrative function. Schmidt v. Board of Adjustment of Newark, above, 9 N.J., at page 423; Ward v. Scott, above, 16 N.J., at page 21.
The question is never what we would have done in the circumstances, but whether the zoning board abused its authority or departed from law. In Ward v. Scott, above, which dealt with the town council's grant of a variance upon a recommendation of the board of adjustment, it was pointed out that:
"* * * Local officials who are thoroughly familiar with their community's characteristics and interests and are the proper representatives of its people, are undoubtedly the best equipped to pass initially on such applications for variance. And their determinations should not be approached with a general feeling of suspicion, for as Justice Holmes has properly admonished: `Universal distrust creates universal incompetence.' Graham v. United States, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319, 324 (1913). * * *"
This philosophy is even more cogently applicable to a case where we review a denial of a variance than where we review a grant, for generally speaking more is to be feared from a breakdown of a zoning plan by ill-advised grants of variances than by refusals thereof. Beirn v. Morris, 14 N.J. 529, 536 (1954). We take particular note that the request for a variance here is not merely from a one-family residential use to a multi-family residential use  this would accord with the non-conforming properties across the street from the subject premises, and the two-family residence immediately to the west  but it is for a commercial use. Were the variance granted it would take the premises in question (located on *461 Hillside Avenue which, except for the corner of Broad Avenue, is a residential street) and turn it into a commercial operation as an adjunct and accessory use to the commercial uses existing on Broad Avenue. Plaintiffs, who bought the premises with full knowledge of the existing zoning restriction, would thus benefit the commercial development of their property on Broad Avenue at the expense of their resident neighbors.
Having conducted a full hearing on April 28, 1955, at the time of the original application for a variance, and taken additional testimony pursuant to the direction of the judgment entered by Judge Leyden, the zoning board adopted a resolution in which it fully and explicitly set out a number of reasons for denying plaintiffs' request that it recommend a variance to the governing body of Leonia. After pointing out that the zoning ordinance had thrice been examined and amended by the governing body within the past five years, and that the governing body and the planning board had twice examined and modified the zoning map within the past four years, without once modifying the zoning of the property for which a variance was requested, the board found: (1) plaintiffs' claim that the property in question was not fitted for one-family use, was not substantiated; (2) although additional off-street parking space is desirable as a general proposition, no clear and compelling evidence of such need had been made manifest; (3) the requested variance could not be granted without substantial detriment to the public good; and (4) such variance could not be granted without substantially impairing the intent and purpose of the zoning plan and the zoning ordinance. The resolution sets out reasons supporting each of these conclusions. We need only consider the last two. As for the conclusion that the variance could not be granted without substantial detriment to the public good, the board found that the proposed variance would increase traffic on two narrow streets intersecting Hillside Avenue close by, to which borough officials had diverted bicycle traffic of school children, and thus imperil their lives and bodies and defeat the current safety program of the *462 municipality. Further, it would increase traffic proceeding easterly on Hillside Avenue from the exit of the proposed parking lot and turning northerly or southerly on Broad Avenue or continuing easterly across that street, where a blind and dangerous corner exists. This increase in cross-traffic would constitute an additional hazard to children crossing Hillside Avenue on the west side of Broad Street en route to the nearby parochial school and high school.
As for the fourth conclusion, the proposed variance would "simply result in removing the zone of hardship to the next plot" to the west, making it difficult for the zoning board and governing body to justify any denial of an application for a variance covering that property. Moreover, the opening of the proposed parking lot and its exit on Hillside Avenue would damage the residential character of the neighborhood by providing an avenue for the passage of large trucks making deliveries to the supermarket on Broad Avenue, with attendant noise and disturbance inappropriate to a residential area. The resolution also referred to the practically unanimous opinion held by the people of the vicinity that the granting of the variance would damage the residential character of their neighborhood, after they had placed reliance on the protection which the zoning ordinance apparently afforded them.
These findings are intelligent and comprehensive. The vote of the zoning board members was unanimous. We will not substitute our judgment for that of a group of community representatives familiar with the characteristics, interests and needs peculiar to their community and possessing the expertise necessary to an initial determination of an application for a variance. The zoning board was entitled to conclude that it would hold fast to the boundary fixed between the one-family residence zone and the business zone bordering on the west side of Broad Avenue. In their judgment, the granting of plaintiffs' request for a recommendation of a variance would be to set in train a chain reaction where one variance would beget another, thus initiating a corrosive process which would destroy any semblance of a comprehensive zoning scheme.
*463 In our view, in the light of the special reasons advanced by the zoning board in its resolution and in the light of the supporting record, the refusal to recommend a variance to the governing body may not be deemed to have been an arbitrary, capricious or unreasonable act. In passing on this issue we, like the court in Ward v. Scott, above, have looked at the entire picture and considered the reasons in their aggregate; the fact that one or more of these reasons standing alone would not be legally sufficient is not controlling.
The summary judgment of the Law Division is reversed.