52 N.J. Super. 498 (1958)
145 A.2d 790
MILDRED BURKE, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF SPRING LAKE AND LAWRENCE HEPPA, BUILDING INSPECTOR, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1958.
Decided November 14, 1958.
*500 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Gilbert H. Van Note argued the cause for defendants-appellants.
Mr. Harry R. Cooper argued the cause for plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
Defendants appeal from a final judgment of the Superior Court, Law Division, reversing the action of the Building Inspector of the Borough of Spring Lake in refusing to issue a building permit to plaintiff and that of the board of adjustment in refusing to grant her a variance.
The parties have stipulated the facts, and briefly they are as follows. In 1946 the plaintiff purchased contiguous lots 16 and 17 on the north side of Pennsylvania Avenue, Spring Lake, 200 feet west of Ocean Avenue, having a combined frontage of 100 feet and a depth of 150 feet. Each lot has a 50-foot frontage.
At the time plaintiff purchased the two lots and when plaintiff erected a dwelling house on lot 17 in 1952, the local zoning ordinance required a 50-foot frontage and a depth of 100 feet for a residential building. Lot 16 has always remained a vacant lot. But in May 1957 the mayor and council adopted an amendment to the zoning ordinance which increased the frontage requirement to 100 feet for building purposes.
In January 1958 plaintiff applied to the local building inspector for permission to erect a dwelling on lot 16. Her application was denied on the ground that lot 16 failed to comply with the new lot-size requirements. The following *501 month application was made to the board of adjustment for a variance from the amendment. This was denied for the same reason.
To review the propriety of those denials, plaintiff brought this action in lieu of prerogative writs. The stipulated facts reveal that she has been and will be unable to sell lot 16, except at a considerable sacrifice, unless purchasers will be able to erect a dwelling thereon and that lot 16, as presently situated, is useless. The complaint proceeds upon the theory that "undue hardship" entitles her to a variance and a building permit. The pertinent statutory provisions, contained in N.J.S.A. 40:55-39, give the board of adjustment the following powers:
"c. Where by reason of exceptional narrowness, shallowness or shape of a specific piece of property, or by reason of exceptional topographic conditions, or by reason of other extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under the act would result in peculiar and exceptional practical difficulties to, of exceptional and undue hardship upon the owner of such property, to authorize, upon an appeal relating to such property, a variance from such strict application so as to relieve such difficulties or hardship; provided, however, that no variance shall be granted under this paragraph to allow a structure or use in a district restricted against such structure or use.

* * * * * * * *
No relief may be granted or action taken under the terms of this section unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the zone plan and zoning ordinance."
The trial judge inspected the premises in the company of counsel. He stated in his opinion deciding the matter in favor of plaintiff that "[t]he physical character of the entire block on both sides of the street and the surrounding area is built up with homes situate on 50-foot frontage lots except the lots adjoining Lot 16 to the west which is (sic) not owned by this plaintiff and which are undeveloped." With the exception of two homes on 100-foot lots on the other side of the street, counsel agreed at the oral argument that the foregoing statement is factually correct. The conclusion *502 of the trial judge that the variance should be granted on the basis of undue hardship rested primarily on Ardolino v. Board of Adjustment of Borough of Florham Park, 24 N.J. 94 (1957).
The question for determination is whether the denial of the requested permit and variance was unreasonable and arbitrary. It is fundamental that the board of adjustment in denying the requested variance is presumed to have acted correctly and the burden of establishing the contrary is upon the disaffected property owner. 165 Augusta Street, Inc. v. Collins, 9 N.J. 259, 265 (1952); Ardolino v. Board of Adjustment of Borough of Florham Park, supra; Ridgewood Air Club v. Board of Adjustment of Village of Ridgewood, 136 N.J.L. 222, 225 (Sup. Ct. 1947).
Defendants argue that the spirit of the Zoning Act is to restrict rather than increase non-conforming uses and that variances are sparingly granted. It is therefore said that the existence of other dwellings on 50-foot frontage lots in the immediate area is no reason for granting a variance to this plaintiff. Beirn v. Morris, 14 N.J. 529, 536 (1954); 8 McQuillin, Municipal Corporations (3d rev. ed. 1957), § 25.164. We have no doubt that this is so, but the fact that other non-conforming uses predominate in the area is nevertheless a circumstance to consider in determining whether the variance, if allowed here, will "substantially impair the intent and purpose of the * * * zoning ordinance" within the meaning of N.J.S.A. 40:55-39. Indeed, the ordinance itself expressly sanctions dwellings on 50-foot frontage lots "not adjacent to any lot in the same ownership." While the addition of one more non-conforming use in this area will not "substantially impair" the zone plan, it remains true as to the ultimate proposition that the fact that other landowners in the area have non-conforming uses does not give greater substance to plaintiff's claim of "undue hardship."
We have no occasion here to reconsider the precise meaning of the phrase "exceptional and undue hardship." It suffices for present purposes to note that plaintiff purchased *503 the property prior to the amendment at a time when she honestly and justifiably believed she would be able to build on lot 16. That fact, together with the circumstance that she will be deprived of any practical economic use of her property unless a variance is granted, has been deemed by our cases sufficient for the granting of a variance. Ardolino v. Board of Adjustment of Borough of Florham Park, supra; DeMoss v. Borough of Watchung, 137 N.J.L. 503 (Sup. Ct. 1948); Rodee v. Lee, 14 N.J. Super. 188, 192 (Law Div. 1951).
Defendants seek to escape the effect of the foregoing by arguing that if "undue hardship" exists, it is of plaintiff's own doing. Leimann v. Board of Adjustment, Cranford Twp., 9 N.J. 336, 342 (1952); Peterson v. Board of Adjustment of Town of Montclair, 7 N.J. Super. 282, 287 (App. Div. 1950). We fail to perceive, however, any justification for holding that a property owner who constructs her home on a 50-foot frontage lot and who leaves untouched another adjoining lot with the same dimensions  all done many years before the enactment of an amendatory ordinance increasing the frontage requirements  has in any culpable sense contributed to her own hardship.
Apart from the reasons already expressed, we find an additional and independent basis for the granting of a variance. The governing body of the Borough of Spring Lake, when it adopted the present zoning ordinance, must have anticipated the very situation with which the plaintiff is confronted, for it provided in its ordinance that:
"Notwithstanding the Lot Area and Lot width requirements of [the area here involved] * * *, a single family dwelling may be erected on any lot separately owned and not adjacent to any lot in the same ownership at the effective date of the ordinance. * * *." Sec. 11-C-10
The evident purpose of this provision is to allow dwellings on 50-foot frontage lots unless the owner himself has the wherewithal to make his lot comply with the new requirements, i.e., adjacent property, in which event he would not *504 need a variance, at the expense of the community-at-large. But the exclusion of those lots "adjacent to any lot in the same ownership" does not faithfully reflect the purpose of the provision unless it is limited to vacant adjacent lots. That plaintiff finds herself with the adjacent lot 17 which, because of the dwelling thereon, she cannot use to make lot 16 comply is clearly no reason for denying her the benefit of the cited ameliorative provision. Realistically, plaintiff has a house on one 50-foot lot and another vacant 50-foot lot. If she cannot build on the latter, it will be forever useless. That the two lots are adjacent does not mitigate her hardship.
We have considered the other grounds urged for reversal and find them to be without merit.
Affirmed.