85 N.J. Super. 472 (1964)
205 A.2d 313
GRIFFIN CONSTRUCTION CORP., ETC., PLAINTIFF-APPELLANT,
v.
THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF TEANECK AND WILLIAM DUNLOP, BUILDING INSPECTOR, ETC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 1964.
Decided December 2, 1964.
*473 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. David B. Follender argued the cause for appellant.
Mr. Jacob Schneider argued the cause for respondents.
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is another in the series of cases before our courts in recent years involving the right of variance to build on a lot of lesser size or dimensions than those fixed as minimum for the zone by a zoning ordinance. Some of the decisions are unreported. Of the reported cases, see Ardolino v. Florham Park Board of Adjustment, 24 N.J. 94 (1957); Burke v. Spring Lake Board of Adjustment, 52 N.J. Super. 498 (App. Div. 1958); Kryscnski v. Shenkin, 53 N.J. Super. 590 (App. Div. 1959); Smith v. Paquin, 77 N.J. Super. 138 (App. Div. 1962); Mischiara v. Board of Adjustment, Piscataway Tp., 77 N.J. Super. 288 (Law Div. 1962); Holman v. Board of Adjustment, Norwood, 78 N.J. Super. 74 (App. Div. 1963).
The case now before us was decided adversely to the applicant by the Law Division on the ground that it "bought into" the situation with knowledge that the property "could not be *474 built upon" and that there consequently was no hardship as to it. That basis for a determination of this kind of case is completely dissolved by the recent ruling by the Supreme Court in Wilson v. Borough of Mountainside, 42 N.J. 426, 452-453 (1964), albeit there made in specific reference to a paragraph (d) case under the statute, N.J.S.A. 40:55-39, whereas we have before us here a paragraph (c) case. The Wilson case simplifies the problem in these "undersized lot" cases where the property has been sold after adoption of the restrictive ordinance.
The lot here in question is 40' by 100' on Voorhees Street, off Teaneck Road, in Teaneck. The original platting in this neighborhood was of 20-foot lots. The locus in quo, constituting two of the original 20-foot lots, was acquired in 1926 from the developer by one Parenti. It was later inherited by one DeRosa who sold it to one Fusco in 1961. The latter contracted to sell to plaintiff subject to the condition that a variance be obtained permitting erection of a dwelling. But when the variance proceedings before the board of adjustment and the Law Division became protracted, and Fusco insisted that plaintiff elect to take the property or rescind the contract, the latter elected to close title. It did so at a time after an initial denial of variance by the board of adjustment but prior to a remand to the board for rehearing directed by the Law Division. (The reasons for the direction of rehearing do not appear on this record; the parties and the trial court treated the matter as one calling for review of the final action of the board, and so shall we.)
When Parenti acquired his lot in 1926 it was free from minimum area or dimensional zoning restrictions. Thereafter from time to time such provisions were adopted by the municipality, all calling for lot widths of more than 40 feet, the most recent being a 1955 amendment of the zoning ordinance setting a minimum width requirement of 75 feet and area minimum of 7,500 square feet.
The properties adjoining plaintiff's lot on both sides are built upon, as are most of the building lots on both sides of *475 Voorhees Street between the adjoining intersecting streets. If a building variance is not granted this lot, its economic utility is for all practical purposes destroyed. The parties are in agreement that two other 40-foot lots on this street have been improved by dwellings, and that of a total of 57 building lots within the two-block area centering on Voorhees Street and bounded by the next adjacent streets (Teaneck, Hamilton and Stuyvesant Roads and Van Cortlandt Terrace) 11, including that here involved, are of 40-foot widths. The other ten are all built upon. Most of the other homes in the specified area are built upon 60-foot lots, although some are on larger plots.
At the two hearings before the board of adjustment the opposition was by nearby homeowners who felt that building on this lot would downgrade the neighborhood and argued that plaintiff would sustain no hardship if the variance were denied as it knew of the ordinance requirement when it bought the lot. The last consideration was the substantial basis for the denial of variance by the board of adjustment although it also found in its resolution of denial that granting the variance "would alter the essential character of the neighborhood" and would involve "substantial detriment to the public good" and impair "the intent and purpose of the Zone Plan and Zoning Ordinance of the Township of Teaneck."
At the outset, we find no support in this record for the finding, in effect, that adding an eleventh to the ten present dwellings on 40-foot lots in the 57-parcel area mentioned above would "alter the essential character of the neighborhood." As for the other mentioned finding by the board, while it is true that the statute precludes the grant of a variance without a finding of the "negative criteria" of absence of substantial detriment, etc., and of impairment of the zone scheme, a denial of a variance is not automatically sustainable upon a perfunctory finding, phrased in the statutory conclusionary language, of applicant's failure to satisfy such negative criteria, unless grounded in evidence supportive of the substance of such conclusions. See Mischiara v. Board of Adjustment, Piscataway Tp., supra. We find no such evidence here.
*476 Under all the surrounding circumstances, and the decisions cited at the head of this opinion, it is clear to us that were this plaintiff the original owner of the property a variance to erect a dwelling on this 40-foot lot could not reasonably be denied. That the lot is not egregiously small for the indicated purpose is attested by the existence of other homes on 40-foot lots in the neighborhood. Out of an excess of caution, we requested an affidavit of construction cost and intended selling price from the plaintiff, as well as a copy of its proposed building plans, which we have examined. The building cost is stated at $16,000, exclusive of the cost of the lot, and the projected selling price of the improved parcel is $25,500. Testimony at the board hearing was that existing dwellings in the neighborhood ranged in value from $20,000 to $35,000. The building plans indicate a prima facie suitable structure. In any event, the plans will have to satisfy the local building code before a permit will be issuable.
The only substantial additional issue on the appeal is whether the variance to which an original owner would be entitled is lost to the present owner because he and his immediate predecessor acquired the lot after adoption of the zoning restrictions. We are entirely satisfied that the Wilson case, supra, determines that question in the negative, whatever intimations to the contrary may be found in any of the earlier reported cases. The court there said:
"We feel we ought to speak additionally on the argument of defendants that a proper reason, sufficient in itself, to deny the variance in this case is that plaintiffs bought the property knowing it was zoned for residential purposes and therefore may not assert hardship as a variance reason. The suggested theory is that purchase with such knowledge amounts to a self-created hardship.
There is a good deal of general and loose language in our earlier cases which we believe has led to confusion and misconception with respect to the factual situation posed and which demands clarification. For example, the following is found in Ardolino v. Florham Park Board of Adjustment, 24 N.J. 94, 106 (1957):
`In the evaluation of a claim of undue hardship, the purchase of land after the adoption of an ordinance prescribing a greater requirement than can be complied with is a circumstance to be considered, Beirn v. Morris, 14 N.J. 529, 535 (1954). It is not conclusive by *477 any means, but it is unquestionably a material element bearing on the issue, Lumund v. Board of Adjustment of the Borough of Rutherford, 4 N.J. 577, 581 (1950) and weighs heavily against the plaintiffs' claim, Home Builders Ass'n. of Northern New Jersey v. Paramus Borough, supra, 7 N.J. 335, 343 (1951).'
But as that case went on to point out, in considering the concept in relation to the particular facts, the quoted language is not to be applied automatically to deny relief on that ground alone where nothing had been done by the owner or his predecessors, after the adoption of the ordinance provision in question, to create the condition as to which variance relief is sought on the basis of hardship.
We wish to make it clear that if a prior owner would be entitled to such relief, that right is not lost to a purchaser simply because he bought with knowledge of the zoning regulation involved. This situation is not within the realm of the self-created hardship which will generally bar relief. * * *" (42 N.J., at p. 452)
It would appear to us that the foregoing rationale is even more pertinent to a paragraph (c) case, as here, than to the request for a paragraph (d) variance (N.J.S.A. 40:55-39) such as was involved in Wilson. The hardship criteria of (c) are expressly stated in terms of the objective physical characteristics of the property itself. The hardship thus entailed is not ordinarily mitigated by mere transfer of title to the property, and was not under the facts of this case. We read Wilson, especially in the added light of the quotation therein (at p. 453) from 2 Rathkopf, Law of Zoning and Planning (3d ed. 1960), c. 48, p. 48-20, to mean that where an original owner would be entitled to a variance under a specific set of facts, any successor in title is ordinarily also entitled to such a variance, providing that no owner in the chain of title since the adoption of the zoning restriction has done anything to create the condition for which relief by variance is sought.
In the present case neither Parenti, the original purchaser of the lot, nor any of his successors down to plaintiff, has done anything to create the hardship represented by the discordance between the dimensions of the plot and the restrictive provision of the zoning ordinance. Nor is there any other reason why plaintiff should not have the variance to which the original owner was concededly entitled. The $1,000 price plaintiff paid for the property has no bearing on the matter at all.
*478 On the facts here presented plaintiff is entitled to a variance to build a dwelling on its lot. It will, however, have to comply with all the building regulations of the municipality in doing so.
Reversed; no costs.