93 N.J. Super. 206 (1966)
225 A.2d 579
WEST POINT ISLAND CIVIC ASSOCIATION, A NON-PROFIT CORPORATION OF NEW JERSEY, AND WILLIAM S. CAREY, JR., WALTER T. GUDEON AND RANDOLPH T. HOPPER, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP COMMITTEE OF THE TOWNSHIP OF DOVER, IN THE COUNTY OF OCEAN, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1966.
Decided December 21, 1966.
*207 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. William Miller argued the cause for appellants.
Mr. Roy G. Simmons argued the cause for respondent (Messrs. Camp & Simmons, attorneys).
*208 PER CURIAM.
On cross-motions for summary judgment, the Law Division judge decided in defendant's favor and dismissed plaintiffs' complaint seeking judgment compelling defendant Township Committee of the Township of Dover to adopt a resolution giving its consent to the annexation by the Borough of Lavallette of that part of the township known as West Point Island.
West Point Island has been a part of Dover Township since 1767. The island, approximately one-half square mile in area, is located in Barnegat Bay. It is practically contiguous to Borough of Lavallette and is separated from the mainland of Dover Township by the width of Barnegat Bay. For the people on West Point Island to get over to the township's business district requires a 7 1/2-mile trip via Mathis Bridge.
The latest census count indicates that 84 persons are year-round residents of West Point Island. The summer population is 2000 or more.
A petition signed by 90% of the home owners and 74% of the legal voters of the island, seeking a separation of the island from Dover Township and annexation to Lavallette, was submitted to the Dover Township Committee, the township's governing body, and its consent to the annexation proposal requested. R.S. 40:43-26, governing petitions for annexation, requires that such petitions be signed by "at least 60% of the legal voters" residing in the area in question. Instead of giving such consent, the township committee adopted a resolution refusing its consent on the sole ground that the annexation would, in its view, "not be in the best interests of all of the people of the Township of Dover."
Plaintiffs' proceeding in the Law Division followed, with the result first noted above.
R.S. 40:43-26 further provides that:
"Such petition shall also have attached thereto a certified copy of a resolution of the governing body of the municipality in which said land is located, consenting to said annexation, which resolution said governing body is hereby authorized and empowered to adopt." *209 The Law Division ruled that the township governing body had an absolute right under the statute to refuse to give its consent to the annexation. On this basis alone, defendant's motion for summary judgment was granted and the complaint dismissed. The trial court expressly refrained from determining the reasonableness of the township committee's refusal to consent because it found an incompleteness and an insufficiency of evidence in the record.

I
Plaintiffs contend that the consent of the governing body of Dover Township was purely ministerial under R.S. 40:43-26, a mere statutory formality which the township committee had no right to refuse, once the petition was found to be in order.
To support their contention, plaintiffs compare the above-quoted language with that in the succeeding paragraph of R.S. 40:43-26 relating to the powers of the governing body of the municipality to which the land is sought to be annexed. The latter provides that such municipality:
"* * * may, in its discretion, by ordinance adopted by a two-thirds vote, annex the land specifically described in said petition to such municipality; * * *." (Emphasis added)
From this comparison they argue that the Legislature did not vest in the governing body of the municipality to which the land belongs any discretion to refuse consent to the petition for annexation; that only the municipality to which annexation is sought has the discretion to decide whether there will be annexation. We note at this point that no action has officially been taken or indicated by the Borough of Lavallette as to its position with reference to the proposed annexation.
We do not agree with plaintiffs' interpretation of the statute. Consent to the petition by the governing body of the municipality of which the land is a part is a statutory sine *210 qua non in the annexation procedure. If the Legislature had intended the giving of that consent to be a mere ministerial formality, it would have used clearer expressions of such intent. It would have "ordered" or "directed" such consent to be given, if the petition were found to be in order. When, instead, it merely "authorized and empowered" the governing body to adopt a resolution consenting to the annexation, the fair implication is that the Legislature was permitting, but not requiring the consent. The power to give or withhold that consent was vested in the governing body as the chosen representatives of all the people of the community. "Consent" itself implies a voluntary act, not statutory compulsion. Cf. C.I.R. v. Long's Estate, 304 F.2d 136 (9 Cir. 1962), holding that a statute providing jurisdiction to do an act does not by that fact alone mandate the doing of the act.

II
The secondary question is whether the giving or withholding of consent is an absolute, unfettered right of the municipality from which secession is sought, as held by the Law Division, or one which may be exercised only in a reasonable manner and not in a purely arbitrary way. The trial court, having determined that the statute gave absolute veto power over petitions for annexation, without regard to the reasonableness or not of the municipal action, and finding the evidence before it incomplete and insufficient to resolve the issue of reasonableness, did not decide the question of reasonableness.
A power delegated in general terms carries the judicially implied limitation that it be exercised only in a reasonable manner. Joint Meeting No. 1 v. Erie-Lackawanna R.R. Co., 43 N.J. 281 (1964); Scatuorchio v. Jersey City Incinerator Authority, 14 N.J. 72 (1953); Grogan v. De Sapio, 11 N.J. 308 (1953). Thus, the municipal power herein to consent to a petition for annexation implies that it will not be unreasonably or arbitrarily withheld.
*211 In the instant case, the township committee gave what would be a valid reason in its resolution for denying consent, viz., that it would "not be in the best interests of all the people of the Township of Dover." But that was a mere conclusion, without any specification in the resolution of the underlying reasons upon which it was based. Action by a municipal governing body is not sustainable upon a mere perfunctory finding phrased in conclusionary language. Griffin Const. Corp. v. Bd. of Adjust. of Teaneck, 85 N.J. Super. 472, 475 (App. Div. 1964).
We do not prefer, by exercising our original jurisdiction, to decide the issue of the reasonableness of the municipal action on the basis of the record before us. The trial court indicated that further proofs would be needed before it could make that factual determination. On the parties' cross-motions for summary judgment the trial court had the power to permit affidavits to be supplemented or opposed by depositions or by further affidavits. R.R. 4:58-6. The motions could have properly been denied if, when all the proofs were in, genuine issues as to material facts were found to exist. R.R. 4:58-3. The matter is of great public interest to the people involved and the municipality as a whole. The township's attorney advised us at oral argument that the governing body would want the opportunity to submit further proofs, if we decided that the issue of reasonableness should be determined.
Accordingly, the judgment in favor of defendant is reversed. The matter is remanded to the Law Division for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.