100 N.J. Super. 95 (1968)
241 A.2d 252
FRANK BOVE AND JOSEPHINE BOVE, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF EMERSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1968.
Decided March 20, 1968.
*97 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Kent A. Losche argued the cause for appellants (Messrs. Contant & Contant, attorneys).
Mr. John P. Markey argued the cause for respondent.
The opinion of the court was delivered by LEWIS, J.A.D.
In this proceeding in lieu of prerogative writs, the Law Division refused to set aside a determination of the Board of Adjustment of the Borough of Emerson denying plaintiffs' application for a variance to erect a dwelling house on an undersized parcel of land. Plaintiffs appeal.
They are the owners of four contiguous lots at the southeast corner of High Street and Jefferson Avenue, having a frontage on High Street of 106.62 feet, with a depth of 100 feet and a total area of 10,662 square feet. These lots are situate in Block 307 in a residential zone of the borough and were originally known as lots 36, 37, 38 and 39 (herein referred to by those lot numbers). They are also described as lots 7, 8, 9 and 10, respectively, on the Tax Assessment Map of 1959, and collectively as lot 7 on the revised 1960 Tax Assessment Map.
Interior lots 36 and 37 (total frontage 50 feet), upon which plaintiffs have located their home, were acquired by them in 1939. In 1949 they bought the corner lot 39 which has a frontage of 31.62 feet, and thereafter, in 1953, they procured the adjoining interior lot 38, having a frontage of 25 feet. When lot 39 was purchased the municipal zoning ordinance required a frontage of 60 feet for corner lots. The present zoning ordinance, enacted in 1959, provides for a minimum corner lot frontage of 85 feet with a total area of 8500 square feet, and retains the minimum 75-foot frontage *98 for interior lots which prevailed at the time lot 38 was acquired.
In 1967 plaintiffs applied for a variance under N.J.S.A. 40:55-39(c) to erect a single family dwelling upon lots 38 and 39 (total frontage 56.62 feet). At the hearing before the Board of Adjustment plaintiff Frank Bove testified that these lots were purchased with the intention of building a house thereon and, unless a variance were granted, they "will be a dead piece of ground." He stated, "* * * and I kill myself cutting the lawn and buying grass seed. After all, I want to try to get something out of it."
The board found specifically that the parcel of four lots had a frontage of 106 feet and it appears as one individual homesite without any artificial or natural indication of division; the grass, shrubs and trees "and some ornamentation" thereon are part of the general landscaping of the plot on which the house is located; the two lots in controversy have been used since 1955 as an integral part of the homesite; for an eight block distance there is only one property on High Street with a house on a 50-foot lot, two on lot frontages of 75 feet, and the rest on lots with frontages of between 80 feet and 169 feet; and the character of the homes on High Street is different from that of the intersecting streets.
In its resolution denying plaintiffs' application the board declared that the granting of the requested variance would create additional substandard lots; would make it "almost impossible to maintain the present standards and prevent a flood of other applications to subdivide lots for economic gain"; the applicants have not shown any hardship that would warrant the variance; and
"It is the further judgment of this Board, after weighing the integrity of this street, the character, size and frontage of lots, that the granting of this variance would be inconsistent with the maintenance of the area and would be substantially detrimental to the public good and would substantially impair the intent and purpose of the zoning ordinances and the plan of the Borough of Emerson."
*99 The trial court found that the presumption of validity which attaches to the board's action had not been overcome.
Plaintiffs, in their brief on appeal, stress an observation made by the Law Division in its opinion that "there is a great deal of confusion in the law and the appellate decisions are not always clear when Burke v. Spring Lake Board of Adjustment, 52 N.J. Super. 498 (App. Div. 1958), shall be applied," and they argue if the Burke decision "is valid, the ownership of adjoining property would not be relevant." We do not attribute such a broad and inflexible interpretation to our holding in that case.
There, the plaintiff property owner, in 1946, purchased contiguous lots 16 and 17 (each having a 50-foot frontage) and, in 1952, erected a dwelling house on lot 17 which conformed with the then local zoning ordinance. Lot 16 remained a vacant lot. An amendment to the zoning ordinance was adopted in 1957, increasing the frontage requirement to 100 feet. The following year plaintiff applied to the Board of Adjustment for an "undue hardship" variance in order to construct a dwelling on lot 16. The board denied the application and we affirmed the judgment of the Law Division which reversed the action of the board.
The facts in that litigation plainly supported a right to a variance. As stated in our opinion, plaintiff purchased the property prior to the zoning amendment and at a time when she honestly and justifiably believed she would be able to build on lot 16. We also noted that the trial judge inspected the premises in the company of counsel, and found:
"The physical character of the entire block on both sides of the street and the surrounding area is built up with homes situate on 50 foot frontage lots except the lots adjoining Lot 16 to the west which are not owned by this plaintiff and which are undeveloped." 52 N.J. Super., at p. 501.
Plaintiffs urge that the economic value of their vacant land should not be destroyed by the denial of a variance and for that proposition refer us to Demoss v. Watchung, 137 N.J.L. *100 503 (Sup. Ct. 1948); Rodee v. Lee, 14 N.J. Super. 188 (Law Div. 1951); Griffin Const. Corp. v. Bd. of Adjust. of Teaneck, 85 N.J. Super. 472 (App. Div. 1964), certification denied 44 N.J. 408 (1965). Note also, Kryscnski v. Shenkin, 53 N.J. Super. 590, 598 (App. Div. 1959), certification denied 29 N.J. 465 (1959); Mischiara v. Bd. of Adjustment of Piscataway Tp., 77 N.J Super. 288, 292-293 (Law Div. 1962). See generally Cunningham, "Control of Land Use in New Jersey by Means of Zoning," 14 Rutgers L. Rev. 37, 85 (1959).
The distinguishing factual complex in each of those cited cases renders them inapplicable. By way of illustration, a brief discussion of Griffin may be helpful. In that controversy the locus in quo was a plot of land 40' x 100' (originally laid out as two 20-foot lots) acquired by one Parenti in 1926 as a single parcel free from minimum area or dimensional zoning restrictions. It remained such an entity through the subsequent chain of title and, in 1961, it was purchased by Griffin. The Board of Adjustment denied a variance to build a dwelling thereon and the Law Division also decided adversely to the applicant. On appeal we entered a judgment of reversal. In our decision we emphasized the pronouncement of the Supreme Court in Wilson v. Mountainside, 42 N.J. 426, 452-453 (1964), that if a prior owner of property would be entitled to a variance "that right is not lost to a purchaser simply because he bought with knowledge of the zoning regulation involved," as such a "situation is not within the realm of the self-created hardship which will generally bar relief." The Wilson case, read in light of an excerpt from 2 Rathkopf, Law of Zoning and Planning (3d ed. 1960), c. 48, p. 48-20, was then declared to mean:
"* * * where an original owner would be entitled to a variance under a specific set of facts, any successor in title is ordinarily also entitled to such a variance, providing that no owner in the chain of title since the adoption of the zoning restriction has done anything to create the condition for which relief by variance is sought." (Emphasis supplied). 85 N.J. Super., at p. 477.
*101 Here plaintiffs lawfully constructed their dwelling on a 50-foot lot. However, after the municipality had upgraded the residential restrictions they purchased adjoining lots, which were substantially undersized for building purposes, incorporated and maintained them for 13 years as part and parcel of their homesite property and thus conformed it to the current zoning regulations. Now they seek a variance which in effect would subdivide their premises into two nonconforming parcels.
In our analysis of the record sub judice we are guided by principles of zoning law and procedure which are firmly embedded in our jurisprudence. Each case should rest upon its own merits. Ardolino v. Florham Park Board of Adjustment, 24 N.J. 94, 107 (1957). To restrict, rather than to increase, nonconforming uses is the spirit of our zoning laws. Betts v. Bd. of Adjustment of Linden, 72 N.J. Super. 213, 218 (App. Div. 1962), citing Beirn v. Morris, 14 N.J. 529, 536 (1954) and Speakman v. Mayor and Council of North Plainfield, 8 N.J. 250, 257-258 (1951). It is basic that a landowner seeking a variance on the ground of undue hardship must establish the existence of the statutory criteria for relief under N.J.S.A. 40:55-39(c). Bierce v. Gross, 47 N.J. Super. 148, 157 (App. Div. 1957); Betts v. Bd. of Adjustment of Linden, supra, 72 N.J. Super., at p. 218; Holman v. Bd. of Adjustment, Norwood, 78 N.J. Super. 74, 81 (App. Div. 1963); Toutphoeus v. Joy, 81 N.J. Super. 526, 535 (App. Div. 1963).
The rationale of our statutory scheme respecting local zoning is that the Board of Adjustment is charged with the responsibility of applying expert discretion to matters coming within its cognizance and that interference by an appellate court is permissible only for redress against arbitrary, capricious or unreasonable action. Kramer v. Bd. of Adjust., Sea Girt, 45 N.J. 268, 285 (1965); Ardolino v. Florham Park Board of Adjustment, supra, 24 N.J., at p. 105; Rexon v. Bd. of Adjustment, Haddonfield, 10 N.J. 1, 7 (1952); Schmidt v. Board of Adjustment, Newark, 9 N.J. *102 405, 423 (1952). As a reviewing court we may not exercise anew the jurisdiction of the administrative agency. Ibid. "This philosophy is even more cogently applicable to a case where we review a denial of a variance than where we review a grant, for generally speaking more is to be feared from a breakdown of a zoning plan by ill-advised grants of variances than by refusals thereof." Cummins v. Bd. of Adjustment of Bor. of Leonia, 39 N.J. Super. 452, 460 (App. Div. 1956), certification denied 21 N.J. 550 (1956); Mahler v. Borough of Fair Lawn, 94 N.J. Super. 173, 186 (App. Div. 1967).
As stated in Kramer v. Bd. of Adjust., Sea Girt, supra, 45 N.J., at p. 296, public bodies because of their peculiar knowledge of local conditions must be allowed wide latitude in their delegated discretion. See also Booth v. Bd. of Adjust., Rockaway Tp., 50 N.J. 302, 306 (1967). Furthermore, there is attached to a decision of the board a presumption of correctness, fairness and proper motive and the burden of proving otherwise is on the party attacking it. Kramer v. Bd. of Adjust., Sea Girt, supra, 45 N.J., at p. 285; Ardolino v. Florham Park Board of Adjustment, supra, 24 N.J., at p. 105; Yahnel v. Bd. of Adjust. of Jamesburg, 79 N.J. Super. 509, 517 (App. Div. 1963), certification denied 41 N.J. 116 (1963); Holman v. Bd. of Adjustment, Norwood, supra, 78 N.J. Super., at p. 79.
We are convinced from our study of the record that the action of the Board of Adjustment was not arbitrary, capricious or in manifest abuse of its discretionary authority and that the trial court properly entered judgment in favor of the municipal defendant.
We do not rule on plaintiffs' claim that the action of the board was voidable because one of its members allegedly had an interest in the outcome of the proceedings since that point was raised for the first time on appeal. It is noticed in passing, however, that the board member in question was disqualified on the motion of plaintiffs' attorney, and was not present when the remaining four board members deliberated and voted unanimously against a variance. Note, Piggott v. *103 Borough of Hopewell, 22 N.J. Super. 106, 112 (Law Div. 1952); McNamara v. Saddle River, 60 N.J. Super. 367, 378-379 (Law Div. 1960), affirmed 64 N.J. Super. 426 (App. Div. 1960). Compare Cobble Close Farm v. Bd. of Adjustment, Middletown Tp., 10 N.J. 442, 454-455 (1952).
Judgment affirmed.